UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RACHAEL SMITH, on her own behalf
and on behalf of all others similarly situated,

                                   Plaintiff,

     -against-

LOUIS JACOBS

                                Defendant.
------------------------------------------------------------X

FILED DEC 0 5 2006 USDC WP SDNY

'06 CIV 13759

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

JUDGE COTE

      Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

      3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. Plaintiff Rachael Smith (hereinafter "Smith") is a resident of the State of New York, New York County. On or about August 29, 2006, plaintiff received and came into contact with a form debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant Louis Jacobs is an attorney who claims specialty in collections. He is located at 11693 San Vincente Boulevard, Suite 318, Los Angeles, CA 90049. Defendant attempts to collect debt alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-18, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Louis Jacobs.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g(a)(3).

b. Whether plaintiff and the Class have been injured by the defendant's conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members

who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about August 29, 2006, defendant mailed a collection letter addressed to Rachael Smith. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a consumer debt. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by the debt collector's notice to the consumer, which notified the consumer that the consumer may dispute the validity of the debt, in writing only, in violation of 15 U.S.C. § 1692g(a)(3).

18. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: December 5, 2006
Uniondale, New York

Abraham Kleinman (AK-6300)
Lawrence Katz   (LK-0062)
Katz & Kleinman PLLC
626 Reckson Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (888) 903-8400

5

**Exhibit A**

# LOUIS JACOBS

| | | |
|---|---|---|
| **LOUIS JACOBS** | 11693 SAN VICENTE BOULEVARD #915<br>LOS ANGELES, CA 90049 | **VENTURA COUNTY OFFICE** |
| OFFICE MANAGERS<br>TONYALYN SOSA<br>JESSICA JACOBS<br>LOREN JACOBS | (310) 312-1860<br><br>FAX (310) 444-5050<br><br>e-mail: lj@jacobslaw.com | 2674 EAST MAIN STREET<br>SUITE D #501<br>VENTURA, CA 93003-2830<br><br>IN REPLY REFER TO<br>OUR FILE NUMBER: |
| | August 29, 2006 | ROS-59 |

RACHAEL SMITH AKA
RACHAEL H. WISEMAN
309 E. 85TH STREET, APARTMENT #3A
NEW YORK, NY 10028-4504

RE: LAW OFFICES OF ROSLYN SOUDRY V RACHAEL SMITH AKA
    RACHAEL H. WISEMAN
    AMOUNT DUE: $61,299.35

We represent the above named creditor in its claim against you, which is long past due on your account. Demand is hereby made for payment in full of the above referenced sum. Unless a cashier's check or certified check for the amount set forth above is received by return mail, our client does intend to commence legal action and that such legal action could result in a judgment against you as a defendant, which would include costs and necessary disbursements as may be provided and specified in <u>California Code of Civil Procedure</u> Section 1033(b)(2).

You have the right to dispute the validity of the debt. Unless you notify this office in writing within thirty days after receipt of this notice that you dispute the validity of the debt or any portion thereof, we will assume the amount herein above is the true and correct balance due and owing our client. If you notify this office in writing within the thirty day period that the debt or any portion thereof is disputed, we will obtain verification of the debt and we will mail you a copy of said verification. Upon written request from you we will provide you with the name and address of the original creditor, if different from the current creditor. Additionally, if you do not respond by return mail, you agree and stipulate that the amount stated hereinabove is due and payable at the above address.

**PLEASE MAIL YOUR CASHIER'S OR CERTIFIED CHECK
MADE PAYABLE TO:
LAW OFFICES OF LOUIS JACOBS
DIRECTLY TO THE ABOVE ADDRESS.**

Your kind cooperation is appreciated.

**THIS IS A COMMUNICATION TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Sincerely,

LOUIS JACOBS, ESQ.

LJ/tms